ATLANTIC RECORDING CORPORATION, Elektra Entertainment Group Inc., Interscope Records, Sony BMG Music Entertainment, and BMG Music, Plaintiffs,

v.

Christopher David BRENNAN, Defendant.

Civil No. 3:07cv232 (JBA).

United States District Court, D. Connecticut.

Dec. 10, 2008.

Alexander D. Pencu, Brian E. Moran, Effie Aquila Patrick, Robinson & Cole, Stamford, CT, for Plaintiffs.

## RULING ON PLAINTIFFS' SECOND MOTION FOR DEFAULT JUDGMENT

JANET BOND ARTERTON, District Judge.

Before the Court is Plaintiffs' second motion for default judgment in this copyright-infringement case. On February 14, 2008, 534 F.Supp.2d 278, the Court denied Plaintiffs' first such motion on the ground that the complaint was deficient in certain important respects. During a telephonic status conference held April 14, 2008, the Court ordered the Plaintiffs to revise their complaint and to "re-serve" the amended complaint on the Defendant, Christopher David Brennan. (Tr. at 10:3–4, 11:9–10.) The conference concluded with the following colloquy with Plaintiffs' counsel:

[The Court]: So I'm going to deny your motion for reconsideration and we'll get your amended complaint in seven days, if that's all right?

[Counsel]: That's fine, your honor.

The Court: And then you'll have 20 days, we'll give Mr. Brennan 20 days assuming your simultaneous service there to respond, and then we will take up your motions promptly as they come in.

[Counsel]: Very well, your honor.

(Tr. at 18:10–20.)

As the Court explained on the record, one reason for *serving* the amended complaint was to address the possible concern that the Defendant had defaulted on the first complaint for strategic reasons—that is, because he believed the original allegations to be inadequate. An additional reason for this cautious approach is that the documents filed in this case do not conclusively demonstrate that Brennan in fact had been properly served with the complaint. According to the Plaintiffs, they first attempted to get in touch with the Defendant by mail, email, and phone at Boston University; when these attempts were unsuccessful, Plaintiffs initiated this civil action. In a declaration submitted with Plaintiffs' motion for reconsideration, Plaintiffs' counsel described the circumstances of service as follows:

On February 15, 2007, Plaintiffs filed the Complaint. I[ ] understand that on March 3, 2007, Plaintiffs' process server attempted to serve Defendant at 245B Boston Post Road, East Lyme, CT 06333, and that the female occupant stated that she couldn't remember her name, while the male occupant refused to give his name and threatened to call the police. Plaintiffs then conducted further investigation to confirm Defendant's address. Subsequently, Plaintiffs were able to serve Defendant's mother, Nancy Brennan, at the home on March 22, 2007.

(Decl. of Timothy M. Reynolds, Ex. A to Mot. Recons., at 4.)

There are at least two problems with this account. The first is that Plaintiffs' original complaint named "David Brennan" as the Defendant. On June 1, 2007, Plaintiffs filed a motion asserting that they had erroneously named the Defendant and requesting that the pleadings and caption be amended to reflect the Defendant's true name, "Christopher David Brennan." (Notice of Errata [Doc. # 5] at 1.) Absent objection, the Court granted this motion on July 27, 2007 [Doc. # 7]. But this corrective action took place well after the date of service indicated on the return of service, March 22, 2007, and it is this return of service which illustrates the second problem here. The private process server, Michele Avery, declared that she attempted to serve the Defendant at 245B Boston Post Road in East Lyme but was unsuc-

cessful: on February 28, 2007, there was no answer at the residence; on March 3, 2007, the occupants refused to give their names and threatened to call the police; and on March 5, 2007, an address inquiry to the post office was returned which stated "Not known at address given." (Ret. of Service [Doc. # 6] at 4.) Avery further represented that on March 3 she tried to effect service at a different address, 107 Great Neck Road in Waterford, but failed again because the male occupant there refused to answer the door and verify his identity. (*Id.* at 3.) According to Avery, she successfully served the complaint and summons on March 22, 2007 at this Waterford address:

> On the 22nd day of March, 2007, at 5:23 PM, at the address of 107 GREAT NECK Road, WATERFORD, New London County, CT 06385; this declarant served the above described documents upon DAVID BRENNAN, by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with NANCY BRENNAN, MOTHER, A white female approx. 45–55 years of age 5'2"–5'4" in height weighing 120–140 lbs with brown hair.

(*Id.* at 1.)

The apparent confusion over which address is the right one persisted even after this initial service of the complaint, however. When the Plaintiffs moved for reconsideration [Doc. # 12] of this Court's ruling denying their first motion for default judgment on February 29, 2008, the accompanying certificate of service indicated that Brennan "was served by U.S. mail, postage prepaid" at the East Lyme address. Attorney Effie Aquila Patrick used the same address on her certificate of service with her notice of appearance dated April 11, 2008 [Doc. # 17]. And, critically, Plaintiffs' amended complaint included the following certificate of service:

> The undersigned hereby certifies that on the 21st day of April, 2008, a true and correct copy of the foregoing First Amended Complaint was served by U.S. mail, postage prepaid, as follows:
> Christopher David Brennan
> 245B Boston Post Rd.
> East Lyme, CT 06333

(Am. Compl., Attach.) A process server, James R. Sullivan, also effected service of the amended complaint and summons on July 15, 2008 by "leaving a copy of each at the individual's dwelling or usual place of abode affixed to his door at 245B Boston Post Rd. East Lyme, Connecticut." (Proof of Service [Doc. # 28].)

Thus, the Plaintiffs have continued to serve documents on Brennan using the same address that their first process server rejected as unsuccessful. Avery failed to serve Brennan at the East Lyme address at least twice before successfully serving his mother at the Waterford address, yet Plaintiffs still seem to believe that Brennan resides in East Lyme. Apparently the only time Plaintiffs subsequently used the Waterford address was when attorney Richard Gabriel moved to withdraw as counsel [Doc. # 26] and mailed a copy of the motion to Brennan there. This glaring inconsistency has only made the Court more concerned about whether the named Defendant has been notified of the current status of this litigation or even is aware of the case at all.

Federal Rule of Civil Procedure 4(a)(1)(E) describes the contents of a proper summons in a civil action, one of which is that a "summons must . . . notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint." Rule 4(e) then describes the permissible methods for serving an individual located within the U.S. Plaintiffs must be more mindful of the

terms of the Federal Rules and the policies which they represent. The Court will not enter default judgment against an absent defendant without a sufficient showing that the correct defendant has been properly served and is on notice that an action is proceeding against him or her.

Accordingly, Plaintiffs' second Motion for Default Judgment [Doc. # 31] is denied. Plaintiffs may refile their motion only after they demonstrate that the Defendant, Christopher David Brennan, has been served with a copy of the amended complaint and summons pursuant to Rule 4. Such service shall be made within thirty days of the date of this order.

IT IS SO ORDERED.